UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KATHLEEN CARTER, )
 )
    Plaintiff, )
 )
    v. ) No. 1:05-CV-54 CAS
 )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's counsel's motion for attorney's fees. Defendant does not object to plaintiff's request. The Court will grant the motion for the reasons set fourth below.

The Equal Access to Justice Act ("EAJA") states that a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . ., incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff's attorney is entitled to fees and expenses if (i) plaintiff was the prevailing party, (ii) the fees and expenses were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A)-(2)(B).

In the instant matter, plaintiff has met the threshold requirements. As reflected in the order of August 31, 2006, the undersigned adopted the report and recommendation of United States Magistrate Judge and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Supreme Court has stated that "a party who wins a sentence-four remand order is a prevailing party." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993). The fees and expenses sought by plaintiff's counsel were incurred in this civil action. Having determined that plaintiff is a prevailing party

and that the fees and expenses sought were incurred in this civil action, the undersigned must next determine whether the defendant's position was substantially justified. Upon review of the record, the Court finds that the Commissioner's position was not substantially justified.

The Court further finds that plaintiff's application for attorney's fees is reasonable as to hours spent on this matter and that sufficient proof has been submitted to support the request for fees in excess of the statutory limit. See McNulty v. Sullivan, 886 F.2d 1074, 1074-75 (8th Cir. 1989). The EAJA provides that attorney's fees may be awarded in excess of the maximum hourly rate of $125.00 per hour as provided by statute if "the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); Kelley v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1989).

Counsel has submitted substantial proof in support of his request for fees in excess of the $125.00 per hour limit based on cost of living adjustments. The Court will therefore award attorney's fees in the amount of Two Thousand Five Hundred Sixty-Six Dollars and Fifty Cents ($2,566.50).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's counsel's motion for attorney's fees in the amount of Two Thousand Five Hundred Sixty-Six Dollars and Fifty Cents ($2,566.50) pursuant to the Equal Access to Justice Act is **GRANTED**. [Doc. 17]

                                    **CHARLES A. SHAW**
                                    **UNITED STATES DISTRICT JUDGE**

Dated this 27th day of November, 2006.